CHRISTOPHER A. CROFTS
United States Attorney
C. LEVI MARTIN
Assistant United States Attorney
P.O. Box 668
Cheyenne, Wyoming 82003
Telephone: (307) 772-2124

LANDON M. YOST
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, DC 20044
Telephone:   (202) 307-2144
Facsimile:   (202) 307-0054
(*Pro Hac Vice application pending*)

Attorneys for the United States

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2013 FEB 21  PM 3 25

STEPHAN HARRIS, CLERK
CHEYENNE

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>Plaintiff, )<br><br>v. )<br><br>MAURICE JONES; TRENTON E. JONES;<br>JENNIFER J. HARMON; CLYDE W.<br>STOCK, as trustee of RMR TRUST; and<br>RMR TRUST; )<br><br>Defendants. ) | Civil No.  13 CV 35 - J<br><br>**COMPLAINT TO REDUCE<br>FEDERAL TAX ASSESSMENTS<br>TO JUDGMENT AND TO<br>FORECLOSE FEDERAL TAX<br>LIENS ON REAL PROPERTY** |

The plaintiff, the United States of America ("United States"), through its undersigned

counsel, alleges the following:

## INTRODUCTION

1.      This is a civil action brought by the United States to reduce to judgment the outstanding federal tax liabilities assessed against defendant Maurice Jones ("Maurice Jones") and to foreclose federal tax liens against the real property located at 89796 US Hwy. 89, Grover, WY 83122 ("subject property").

## AUTHORIZATION FOR SUIT

2.      This action is brought pursuant to 26 U.S.C. §§ 7401 and 7403 at the direction of the Attorney General of the United States and at the request of, and with the authorization of, the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury of the United States.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to 26 U.S.C. §§ 7402 and 7403 and 28 U.S.C. §§ 1331, 1340, and 1345.

4.      Venue properly lies in the District of Wyoming pursuant to 28 U.S.C. § 1396 because the tax liabilities accrued in Wyoming. Additionally, venue is proper pursuant to 28 U.S.C. § 1391 because the subject property is located in Wyoming, and because Maurice Jones resides in Wyoming.

## IDENTIFICATION OF DEFENDANTS

5.      Maurice Jones currently resides in Jackson, Wyoming, within the jurisdiction of this Court.

6.      Maurice Jones is the sole owner of the subject property.

7.     Defendant Trenton E. Jones, the son of Maurice Jones, is made a party to this action in accordance with 26 U.S.C. § 7403(b) because he may claim an interest in the subject property.

8.     Defendant Jennifer J. Harmon, the daughter of Maurice Jones, is made a party to this action in accordance with 26 U.S.C. § 7403(b) because she may claim an interest in the subject property.

9.     Defendant Clyde W. Stock, as Trustee for RMR Trust, is made a party to this action in accordance with 26 U.S.C. § 7403(b) because he may claim an interest in the subject property.

10.     Defendant RMR Trust is made a party to this action in accordance with 26 U.S.C. § 7403(b) because it may claim an interest in the subject property.

## THE SUBJECT PROPERTY

11.     The subject property is located at 89796 US Hwy. 89, Grover, WY 83122.   The subject property is legally described as follows:

Lot Two (2), Block Seven (7) of the Town of Grover according to that plat recorded in the Office of the Lincoln County Clerk, Lincoln County, Wyoming.

12.     By special warranty deed recorded July 29, 1993, the Mormon Pioneer Genealogy Society conveyed the subject property to Maurice Jones and Dorenda Jones, husband and wife, as joint tenants with rights of survivorship.

13.     By quitclaim deed recorded November 30, 2001, Maurice Jones and Dorenda Jones, purported to convey the subject property to RMR Trust for $21 dollars in silver.

14.     Clyde W. Stock is, and was at the time of the purported conveyance referenced in paragraph 13, above, listed as the purported Trustee of RMR Trust.

-3-

15.     Dorenda Jones is deceased and any interest she had in the subject property passed to Maurice Jones as a matter of law at the time of her death.

16.     On February 22, 2001, a "Claim of Lien" was recorded in Lincoln County, Wyoming, in which Maurice Jones claimed a "financial interest in the amount of $94,170" in the subject property.

17.     On February 23, 2001, a "Claim of Lien" was recorded in Lincoln County, Wyoming, in which Dorenda Jones claimed a "financial interest in the amount of $94,170" in the subject property.

18.     On March 12, 2001, a "Claim of Lien" was recorded in Lincoln County, Wyoming, in which Trenton E. Jones claimed a "financial interest in the amount of $94,170" in the subject property.

19.     On March 21, 2001, a "Claim of Lien" was recorded in Lincoln County, Wyoming, in which Jennifer J. Harmon claimed a "financial interest in the amount of $94,170" in the subject property.

20.     On March 28, 2003, a "Security Agreement" was recorded in Lincoln County, Wyoming, against the subject property, listing Maurice Jones as the secured party and the agent.

21.     On March 28, 2003, a "Security Agreement" was recorded in Lincoln County, Wyoming, against the subject property, listing Dorenda Jones as the secured party and the agent.

## RECORDED TAX LIENS AGAINST THE SUBJECT PROPERTY

22.     On July 8, 2002, a duly authorized delegate of the Secretary of Treasury timely recorded in Lincoln County, Wyoming, a Notice of Federal Tax Lien ("NFTL") against Maurice

-4-

Jones against the subject property for his unpaid federal income tax liabilities for the 1996, 1997, and 1998 tax years.

23.     The NFTL described in paragraph 22, above, was not timely refiled, and therefore operated as a certificate of release as defined in 26 U.S.C. § 6325(a) on the last day for refiling. On March 1, 2011, a duly authorized delegate of the Secretary of Treasury timely recorded in Lincoln County, Wyoming, a Revocation of Certificate of Release of Federal Tax Lien against Maurice Jones pertaining to Maurice Jones' unpaid federal income tax liabilities for the 1996, 1997, and 1998 tax years, reinstating this lien pursuant to 26 U.S.C. § 6325(f).

24.     On July 5, 2011, a duly authorized delegate of the Secretary of Treasury timely recorded in Lincoln County, Wyoming a Notice of Federal Tax Lien against Maurice Jones pertaining to Maurice Jones' unpaid federal income tax liabilities for the 1996, 1997, and 1998 tax years.

25.     On October 8, 2002, a duly authorized delegate of the Secretary of Treasury timely recorded in Lincoln County, Wyoming, a Notice of Federal Tax Lien against RMR Trust as the nominee/alter ego/transferee of Maurice Jones pertaining to Maurice Jones' unpaid federal income tax liabilities for the 1996, 1997, and 1998 tax years.

26.     The NFTL described in paragraph 25, above, was not timely refiled, and therefore operated as a certificate of release as defined in 26 U.S.C. § 6325(a) on the last day for refiling. On March 1, 2011, a duly authorized delegate of the Secretary of Treasury timely recorded in Lincoln County, Wyoming, a Revocation of Certificate of Release of Federal Tax Lien against RMR Trust as the nominee/alter ego/transferee of Maurice Jones pertaining to Maurice Jones' unpaid federal

income tax liabilities for the 1996, 1997, and 1998 tax years, reinstating this lien pursuant to 26 U.S.C. § 6325(f).

27.    On July 5, 2011, a duly authorized delegate of the Secretary of Treasury timely recorded in Lincoln County, Wyoming a Notice of Federal Tax Lien against RMR Trust as the nominee/alter ego/transferee of Maurice Jones pertaining to Maurice Jones' unpaid federal income tax liabilities for the 1996, 1997, and 1998 tax years.

28.    On or about March 18, 2004, a duly authorized delegate of the Secretary of Treasury timely recorded in Lincoln County, Wyoming, a Notice of Federal Tax Lien against Maurice Jones pertaining to Maurice Jones' unpaid federal income tax liabilities for the 1999, 2000, and 2001 tax years.

29.    On January 17, 2006, a duly authorized delegate of the Secretary of Treasury timely recorded in Lincoln County, Wyoming, a Notice of Federal Tax Lien against RMR Trust as the nominee/alter ego/transferee of Maurice Jones for Maurice Jones' unpaid federal income tax liabilities for the 1999, 2000, and 2001 tax years.

30.    On April 10, 2006, a duly authorized delegate of the Secretary of Treasury timely recorded in Lincoln County, Wyoming, a Notice of Federal Tax Lien against Maurice Jones for Maurice Jones' unpaid federal income tax liabilities for the 2002 tax year.

31.    On May 27, 2008, a duly authorized delegate of the Secretary of Treasury timely recorded in Lincoln County, Wyoming, a Notice of Federal Tax Lien against Maurice Jones for Maurice Jones' unpaid federal income tax liabilities for the 2006 tax year.

32.    On March 5, 2012, a duly authorized delegate of the Secretary of Treasury timely recorded in Lincoln County, Wyoming, a Notice of Federal Tax Lien against RMR Trust as the

-6-

nominee/alter ego/transferee of Maurice Jones for Maurice Jones' unpaid federal income tax liabilities for the 2004, 2005, and 2006 tax years.

33.    On March 5, 2012, a duly authorized delegate of the Secretary of Treasury timely recorded in Lincoln County, Wyoming, a Notice of Federal Tax Lien against RMR Trust as the nominee/alter ego/transferee of Maurice Jones for Maurice Jones' unpaid federal income tax liabilities for the 2002 tax years, and on October 25, 2010, a duly authorized delegate of the Secretary of Treasury timely recorded in Lincoln County, Wyoming, a Notice of Federal Tax Lien against Maurice Jones for his unpaid federal income tax liabilities for the 2004 and 2005 tax years.

## FIRST CLAIM FOR RELIEF:
## REDUCTION OF FEDERAL TAX ASSESSMENTS
## AGAINST MAURICE JONES TO JUDGMENT

34.    The United States re-alleges paragraphs 1 through 33 above.

35.    On the dates, in the amounts, and for the tax periods and types set forth below, a duly authorized delegate of the Secretary of the Treasury made the following timely and proper assessments against Maurice Jones:

| Type of Tax | Tax Period | Date of Assessment | Amount Assessed* | Amount Due** |
|---|---|---|---|---|
| Form 1040 | 1996 | 09/18/2000<br>09/18/2000<br>09/18/2000<br>09/18/2000<br>11/28/2005<br>10/16/2006<br>07/29/2002<br>10/28/2002<br>11/24/2003<br>07/25/2011 | $133,598.00 (T)<br>$26,719.60  (P)<br>$33,399.50  (P1)<br>$60,361.97  (I)<br>$33,399.50  (P2)<br>$555.81       (P3)<br><br>$15.00        (F)<br>$15.00        (F)<br>$30.00        (F)<br>$20.00        (F) | $397.227.13 |

| Form 1040 | 1997 | 09/18/2000<br>09/18/2000<br>09/18/2000<br>09/18/2000<br>09/28/2005<br>07/25/2011 | $97,278.00  (T)<br>$24,319.50  (P1)<br>$19,455.60  (P)<br>$29,211.48    (I)<br>$24,319.50  (P2)<br>$30.00          (F) | $371,542.23 |
| --- | --- | --- | --- | --- |
| Form 1040 | 1998 | 09/18/2000<br>09/18/2000<br>09/18/2000<br>11/28/2005 | $15,061.80   (P4)<br>$75,309.00    (t)<br>$10,963.72    (I)<br>$18,827.24   (P2) | $227,418.89 |
| Form 1040 | 1999 | 12/22/2003<br>12/22/2003<br>12/22/2003<br>12/22/2003<br>12/22/2003<br>11/28/2005<br>04/12/2004<br>02/13/2006 | $16,443.00(T)<br>$3,699.68  (P1)<br>$795.80        (P5)<br>$5,664.94    (I)<br>$3,699.67    (P2)<br>$411.08        (P2)<br>$40.00          (F)<br>$10.00          (F) | $49,028.94 |
| Form 1040 | 2000 | 02/09/2004<br>02/09/2004<br>02/09/2004<br>02/09/2004<br>11/28/2005 | $35,962.00 (T)<br>$8,091.45    (P1)<br>$7,839.69    (I)<br>$1,920.89    (P5)<br>$6,113.54    (P2)<br>$2,876.96    (P2) | $99,641.84 |
| Form 1040 | 2001 | 12/22/2003<br>12/22/2003<br>12/22/2003<br>12/22/2003<br>11/26/2007 | $1,169.80 (T)<br>$263.21        (P1)<br>$133.74        (I)<br>$122.83        (P2)<br>$169.62        (P2) | $2,917.00 |
| Form 1040 | 2002 | 10/24/2005<br>10/24/2005<br>10/24/2005<br>10/24/2005<br>11/26/2007<br>05/01/2006<br>03/26/2012 | $814.00 (T)<br>$183.15 (P1)<br>$132.87  (I)<br>$126.17  (P2)<br>$77.33      (P2)<br>$30.00      (F)<br>$20.00      (F) | $1,992.23 |

| Form 1040 | 2004 | 01/07/2008<br>01/07/2008<br>01/07/2008<br>01/07/2008<br>01/07/2008<br>05/26/2008<br>11/15/2010 | $967.00 (T)<br>$137.25 (P1)<br>$122.00 (P)<br>$97.60   (P2)<br>$194.17 (I)<br>$15.25   (P2)<br>$10.00   (F) | $1,459.46 |
| Form 1040 | 2005 | 04/28/2008<br>04/28/2008<br>04/28/2008<br>11/28/2011 | $792.00 (T)<br>$72.60   (P)<br>$73.98   (I)<br>$90.74   (P2) | $545.97 |
| Form 1040 | 2006 | 09/24/2007<br>09/24/2007<br>09/24/2007<br>11/28/2011 | $1,283.00 (T)<br>$256.60   (P1)<br>$55.64   (I)<br>$320.74   (P2) | $2,342.96 |

\*   (T) = Tax; (P) = Misc. Penalty; (P1) = Late Filing   Penalty; (P2)= Failure to Pay Tax Penalty; (P3)= Dishonored Check Penalty; (P4)= Accuracy Penalty; (P5)= Estimated Penalty ; (I) = Interest.;   (F)=Fees & Collection Costs

\*\* As of January 31, 2013

36.     Timely notice of and demand for payment of the assessments set forth in paragraph 35, above, have been made upon Maurice Jones as required by 26 U.S.C. § 6303.

37.     Despite timely notice and demand for payment of the assessments set forth in paragraph 35, above, Maurice Jones has neglected, refused, or failed to pay the assessments against him.

38.     Maurice Jones remains indebted for the balance of the assessments described in paragraph 35 above, plus accrued interest and statutory additions according to law, less any payments or credits.

39.     Since the dates of the assessments described in paragraph 35, above, interest has accrued as provided by law. The total amount due and owing on the assessments described in paragraph 35, above, plus accrued but unassessed interest, computed as to January 31, 2013, is $1,154,116.65.

40.     This action to reduce the assessments described in paragraph 35, above, is timely under 26 U.S.C. § 6502, notwithstanding the fact that a number of the assessments occurred more than ten years before the filing of this action. The statute of limitations under Section 6502 was extended by the events described in paragraphs 41 through 45, below.

41.     On July 5, 2006, Maurice Jones filed for bankruptcy in the United States Bankruptcy Court for the District of Wyoming, and on July 25, 2006, this case was dismissed.

42.     On August 27, 2008, Maurice Jones filed an offer in compromise relating to assessments described in paragraph 35, above, including the assessments for tax years 1996-1998. On November 1, 2008, this offer was rejected.

43.     On or about January 29, 2001, Maurice Jones submitted a request for a collection due process hearing for the assessments described in paragraph 35, above, for tax years 1996-1998. On or about February 7, 2002, a determination relating to this request was made final.

44.     On or about July 18, 2002, Maurice Jones submitted a request for a collection due process hearing for the assessments described in paragraph 35, above, for tax years 1996-1998, and on or about May 14, 2003, a determination relating to this request was made final.

-10-

45.     Additionally, Maurice Jones filed requests for collection due process hearings in 2007 and 2011.

## SECOND CLAIM FOR RELIEF:
## NOMINEE/ALTER EGO/CONSTRUCTIVE TRUST

46.     By this reference, the United States realleges and incorporates the allegations contained in paragraphs 1 through 45, as if fully set forth herein.

47.     Until recently, Maurice Jones and his family occupied the subject property as their personal residence.

48.     Based upon information and belief, Maurice Jones currently receives all rental income resulting from renting the subject property.

49.     Based upon information and belief, at all times pertinent hereto, Maurice Jones paid the utilities, maintenance, and real estate taxes for the subject property, to the extent they were paid.

50.     Maurice Jones purchased the subject property with his own funds, and has at all relevant times enjoyed all the incident burdens and benefits of ownership.

51.     Maurice Jones purported to transfer the subject property to RMR Trust after he was made aware of his substantial tax liabilities. This transfer was made for no consideration.

52.     RMR Trust was used as a mere shell to shield Maurice Jones from his tax liabilities, and RMR Trust would be unjustly enriched if it were to own the subject property.

-11-

53.     RMR Trust has in no way interfered with Maurice Jones' enjoyment or use of the subject property, and Maurice Jones continues to exercise complete dominion and control over all aspects of the property.

54.     RMR Trust does not now have, nor has it ever had, any ownership or other controlling interest in the subject property. RMR Trust is a mere nominee or alter ego or a constructive trust of Maurice Jones with respect to the title and ownership of the subject property.

55.     The United States is entitled to an order that title to the subject property is deemed to be solely the property of Maurice Jones.

56.     The purported "Claims of Liens" and "Security Agreements" by Maurice Jones' family members described in paragraphs 16-21 lack consideration and substance, were made to shield Maurice Jones from his tax liabilities, are null and void, and give the purported claimants no right to the subject property.

### THIRD CLAIM FOR RELIEF: FRAUDULENT TRANSFER

57.     By this reference, the United States realleges and incorporates the allegations contained in paragraphs 1 through 56, above, as if fully set forth herein.

58.     The purported transfer of the subject property to RMR Trust was intended by Maurice Jones to hinder, delay, or defraud the United States of present and future lawful taxes and was transferred without receiving adequate consideration.   Therefore, pursuant to the Wyoming

Uniform Fraudulent Transfer Act ("UFTA") § 34-14-205(a)(i), et. seq., the transfer was and is fraudulent and of no effect as to the United States.

59.     The transfer of the subject property to the name of RMR Trust was made (1) without the exchange of reasonably equivalent value and (2) during a period when Maurice Jones intended to incur, or believed or reasonably should have believed that he would incur debts beyond his ability to pay as they became due; therefore, pursuant to Wyoming's UFTA § 34-14-205(a)(ii), the transfer was and is fraudulent and of no effect as to the United States.

60.     The purported "Claims of Liens" and "Security Agreements" by Maurice Jones' family members described in paragraphs 16-21 were intended by Maurice Jones to hinder, delay, or defraud the United States of present and future lawful taxes and was transferred without receiving adequate consideration.   Therefore, pursuant to the Wyoming Uniform Fraudulent Transfer Act ("UFTA") § 34-14-205(a)(i), et. seq., these purported transfers were and are fraudulent and of no effect as to the United States.

61.     The   purported "Claims of Liens" and "Security Agreements" by Maurice Jones' family members described in paragraphs 16-21 were made (1) without the exchange of reasonably equivalent value and (2) during a period when Maurice Jones intended to incur, or believed or reasonably should have believed that he would incur debts beyond his ability to pay as they became due; therefore, pursuant to Wyoming's UFTA § 34-14-205(a)(ii), these purported transfer was and is fraudulent and of no effect as to the United States.

## FOURTH CLAIM FOR RELIEF:
## TO FORECLOSE FEDERAL TAX LIENS ENCUMBERING THE SUBJECT PROPERTY

62.     By this reference, the United States realleges and incorporates the allegations contained in paragraphs 1 through 61, as if fully set forth herein.

63.     Pursuant to 26 U.S.C. §§ 6321 and 6322, statutory liens for unpaid federal taxes arose in favor of the United States against all property or rights to property, whether real or personal, belonging to Maurice Jones as of the dates of the assessment described in paragraph 35 above, including the subject property. In addition, said liens immediately attached to all after-acquired property or rights to such property.

64.     In accordance with 26 U.S.C. § 6323(f), the Notices of Federal Tax Lien relating to the assessments described in paragraph 35, above, were duly filed and recorded at the Lincoln County Recorder's Office.

65.     The tax liens arising from the assessments described in paragraph 35, above, continue to attach to the subject property.

66.     The tax liens arising from the assessments described in paragraph 35, above, have priority over all interests in the subject property acquired after the attachment of the tax liens, subject to the provisions of 26 U.S.C. Section 6323(a).

67.     Under 28 U.S.C. Section 7403(c), the United States is entitled to a decree of sale of the subject property to enforce its tax liens.

WHEREFORE, the United States prays that the Court adjudge and decree:

A.    That Maurice Jones is indebted to the United States in the amount of the assessments described in paragraphs 35, above, together with interest, penalties and other statutory additions as provided by law, in a total amount of $1,174.971.70 as of January 31, 2013;

B.    That the United States has valid and subsisting federal tax liens by virtue of the assessments set forth in paragraph 35, above, on all property and rights to property belonging to Maurice Jones, including his interest in the subject property;

C.    That the federal tax liens against Maurice Jones be foreclosed upon his interest in the subject property and that the subject property be ordered sold, and that the proceeds from such sale be distributed in accordance with the Court's findings as to the validity and priority of the liens and claims of all parties;

D.    That this Court determine and adjudge that RMR Trust held title to the subject property as the nominee/alter-ego/constructive trust of Maurice Jones, that the United States has valid and subsisting federal tax liens against RMR Trust, as the nominee/alter-ego/constructive trust of Maurice Jones, and that such liens attach to the subject property;

E.    That this Court determine and adjudge that the transfer of the subject property to the RMR Trust was and is fraudulent, and that the transfer is utterly null and void and of no effect as to the rights of the United States as creditor of Maurice Jones, and that the transfer be set aside;

F.    That this Court determine and adjudge that the purported "Claims of Liens" and "Security Agreements" by Maurice Jones' family members described in paragraphs 16-21 were and are utterly null and void and of no effect as to the rights of the United States as creditor of Maurice Jones;

- 15 -

G.    That to the extent proceeds from the sale of the subject property fail to satisfy the tax liens against Maurice Jones, a deficiency judgment in that amount be entered against Maurice Jones; and

H.    That the United States be granted its costs incurred in bringing this action, and for such other and further relief as the Court deems just and proper.

Respectfully submitted this 21st day of February, 2013.

  /s/ Landon M. Yost
LANDON M. YOST (*pro hac vice* pending)
Trial Attorney, Tax Division
U.S. Department of Justice

CHRISTOPHER A. CROFTS
United States Attorney

C. LEVI MARTIN
Assistant United States Attorney